UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 12-cr-088-01-01 |
| -vs- | JUDGE DRELL |
| MAURICE T SMITH (01) | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING AND ORDER

Before the Court are a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 315), a motion for the United States Probation Office ("USPO") to prepare a retroactivity report, (Doc. 317), and a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Doc. 318), filed by defendant Maurice Smith ("Smith"). In addition to Smith's motions, he filed a petition signed by community members in support of his release. (Doc. 325). The government filed its opposition. (Doc. 326). Accordingly, the matter is fully briefed. For the following reasons, the motion for the USPO to prepare a retroactivity report, (Doc. 317), is **MOOT**, and the motions to reduce sentence pursuant to 18 U.S.C. §§ 3582(c)(2), (Doc. 315), and (c)(1), (Doc. 318), are **DENIED**.

I. BACKGROUND

Smith's conviction results from his participation and leadership role in narcotics trafficking in Ferriday, Louisiana, including transportation of narcotics from Los Angeles, California to Ferriday, Louisiana. (Doc. 137 ¶¶ 19-44). Smith was arrested and detained on March 2, 2012. (Id. at p 1). A jury entered a verdict against Smith for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. (Doc. 107). Because of his leadership role, a total of 827.3 grams of methamphetamine and an additional 102 units of Alprazolam, commonly known

as Xanax, were attributed to Smith. (Doc. 137 ¶¶ 28, ,50-52). This significantly contributed to Smith's criminal offense level of 40. (Id. ¶¶ 50-60). With a criminal history category of IV, Smith's guideline imprisonment range was 360 months to life. (Id. ¶¶ 64-70, 94). However, the government filed two notices pursuant to 21 U.S.C. § 851 for an increased statutory sentence because of two prior felony drug convictions in Smith's criminal record. (Docs. 68, 82; see also Doc. 137 ¶¶ 8-9). Pursuant to the version of 21 U.S.C. § 841(b)(1)(A) in effect at the time Smith was sentenced, "[i]f any person commits a violation of this subparagraph ... after two or more prior convictions for *a felony drug* offense have become final, *such person shall be sentenced to a mandatory term of life imprisonment without release.*" 21 U.S.C.A. § 841(b)(1)(A), *amended* by the First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194. On October 1, 2013, this Court sentenced Smith to life imprisonment. (Doc. 134). Smith is currently housed in United States Penitentiary in Beaumont, Texas.

After the passage of the First Step Act of 2018, the USPO was notified that Smith may be eligible for a sentence reduction but concluded that he did not benefit from its provisions. (Doc. 329). They have reached the same conclusion regarding the instant motions. (Doc. 328).

## II. MOTION FOR RETROACTIVITY REPORT

Smith moves to compel the Probation Office to file a retroactivity report, (Doc. 317), corresponding to his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 315). Filed the same day as his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), this court ordered the USPO to provide Smith and the government with a retroactivity report. Such a report has been submitted in the record. (Doc. 328). Accordingly, Smith's motion is **MOOT**.

### III. MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Smith moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) claiming the benefit of Amendment 782 of the United States Sentencing Guidelines, effective November 1, 2014, and the § 401 of the First Step Act of 2018. However, § 401 of the First Step Act of 2018 is retroactive only to those defendants whose sentence "ha[d] not been imposed" when the bill passed. First Step Act of 2018 § 401(c), PL 115-391, December 21, 2018, 132 Stat 5194. Because Smith was sentenced in 2013, his sentence had been imposed well before the First Step Act of 2018. Thus, Congress precluded Smith from the benefits of § 401 of the First Step Act of 2018, and Smith is still subject to a statutory life sentence and may not claim the benefit of Amendment 782. Accordingly, Smith's motion pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 315), will be **DENIED**.

### IV. MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

Smith also moves to reduce his sentence seeking immediate release or reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) claiming extraordinary and compelling circumstances exist and the 18 U.S.C. § 3553(a) factors favor release. We may consider the merits of Smith's motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Doc. 318), because Smith has exhausted his administrative remedies, (Doc. 326-1). United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020). Upon consideration of the merits, we are "bound only by § 3582(c)(1)(A)(i) [extraordinary and compelling reasons warrant such a reduction] and, as always, the sentencing factors in § 3553(a)." United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021).

#### A. Extraordinary and Compelling Circumstances

Smith argues that extraordinary and compelling circumstances exist to warrant consideration of his immediate release or reduction in his sentence because of (1) his age, 41, and

underlying medical conditions, namely asthma and obesity, make him susceptible to severe illness or death from COVID-19, and (2) sentencing disparities brought on by Amendment 782 and the First Step Act of 2018. We find these grounds confounding as it relates to the relief sought. Relief from the former circumstance would beget immediate release, whereas the later would merely result in reduction of sentence with release dependent upon the extent of that reduction. Nonetheless, we address both circumstances under the extraordinary and compelling standard.

Regarding Smith's age and medical conditions, he claims to be subject to an increased risk of severe illness from COVID-19 if contracted. Smith's age is not considered a risk factor. See Centers for Disease Control and Prevention, People with Certain Medical Conditions, (updated Feb. 25, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/ people-with-medical-conditions.html ("[P]eople over the age of 65" "are at highest risk of getting very sick from COVID-19."). Further, Smith has previously contracted COVID-19, (Doc. 318 p 3), and in addition is vaccinated against COVID-19, (Doc. 327 p 20). Thus, Smith has both natural and induced immunity to COVID-19 which significantly reduces his risk of severe illness if he were to contract COVID a second time. See, *e.g.*, Centers for Disease Control and Prevention, Benefits of Getting a COVID-19 Vaccine (updated Feb. 25, 2022), https://www.cdc.gov/ coronavirus/2019-ncov/vaccines/vaccine-benefits.html. Finally, Smith does not demonstration that his age and conditions, individually or collectively, render him extraordinarily more susceptible to severe illness or death from COVID-19 as compared to the general inmate population having the same or similar conditions. United States v. Thompson, 984 F.3d 431, 434-435 (5th Cir. 2021).

Regarding the sentencing disparities brought on by Amendment 782 and the First Step Act of 2018, we acknowledge that the Fifth Circuit in United States v. Cooper deferred consideration of whether nonretroactive amendments constitute extraordinary and compelling circumstances to

the district court. 996 F.3d 283, 289 (5th Cir. 2021). Congress's preclusion of Smith's position is ordinary, thus not extraordinary, because Congress regularly precludes criminal defendants from retroactive relief, and Smith is one of many criminal defendants precluded from retroactive relief. See United States v. Thompson, 984 F.3d 431, 434 n 8 (defining "extraordinary"). Further, it is the opinion of this court that consideration of nonretroactive sentencing amendments, properly considered under 28 U.S.C. § 3582(c)(2), to form the basis of resentencing under (c)(1)(A)(i) of the same statute conflates relief under the two provisions, creates a sentencing disparity among similarly situated defendants Congress precluded from retroactive relief, creates a separation of powers issue by district courts extending discretion beyond the clear intent of Congress, and could open a flood gate of criminal defendants seeking relief pursuant to amendments without entitlement to relief. Accordingly, Smith's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) will be **DENIED** for failure to demonstrate extraordinary and compelling circumstances that warrant consideration of immediate release or reduction in sentence.

B. **18 U.S.C. § 3553(a)**

Even if Smith could demonstrate extraordinary circumstance, neither immediate release nor reduction pursuant to Amendment 781 and § 401 of the First Step Act of 2018 is appropriate after consideration of the 18 U.S.C. § 3553(a) factors. Smith has a criminal history with several drug related convictions, the majority of which, together with the instant offense, were committed while on probation. (Doc. 137 ¶¶ 64-67), 18 U.S.C. § 3553(a)(1), (2)(A)-(C), (4)(A)-(B). In the instant offense, Smith was attributed with the distribution of 827 grams of methamphetamine and 102 units of Alprazolam, commonly known as Xanax. (Doc. 137 ¶¶ 51), 18 U.S.C. § 3553(a)(1), (2)(A). The instant offense also included the transportation of drugs from California to Louisiana. (Doc. 137 ¶¶ 31-37). 18 U.S.C. § 3553(a)(1), (2)(A). Smith does not demonstrate that upon release

5

he will have gainful employment. 18 U.S.C. § 3553(a)(2)(C)-(D). Smith has only served ten years of a statutory life sentence or of a minimum guideline sentence of thirty years. 18 U.S.C. § 3553(a)(2)(A)-(C), (4)(A), (5)(A). Either immediate release or reduction consistent with retroactive application of § 401 of the First Step Act of 2018 would create an unwarranted sentencing disparity among defendants with similar records found guilty of similar conduct who Congress precluded from retroactive relief. 18 U.S.C. § 3553(a)(6). These factors weigh heavily against Smith and preclude both immediate release and reduction consistent with Amendment 781 and § 401 of the First Step Act of 2018. We do not find his arguments to the contrary or the community petition to be the least bit persuasive.

Accordingly, Smith's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) must also be **DENIED** because the 18 U.S.C. § 3553(a) factors do not weigh in his favor for either immediate release or reduction pursuant to Amendment 781 and § 401 of the First Step Act of 2018.

V. CONCLUSION

For the reasons discussed above, it is hereby...

**ORDERED** that the motion for the Probation Office to prepare a retroactivity report, (Doc. 317), is **MOOT**. It is also hereby...

**ORDERED** that the motions to reduce sentence pursuant to 18 U.S.C. §§ 3582(c)(2), (Doc. 315), and (c)(1)(A)(i), (Doc. 318), are **DENIED**.

**THUS DONE AND SIGNED** this 31st day of March 2022.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT