**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 12-cr-088** |
| **-vs-** | **JUDGE DRELL** |
| **MAURICE T SMITH (01)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

# RULING

Before the court are two motions filed by Maurice T. Smith. The first is entitled "Defendant's Actual Innocence/Miscarriage of Justice Motion to Reverse, Vacate, Set Aside Conviction and Sentence, Pursuant to 28 U.S.C. § 2255" (Doc. 331), and the second is captioned "Petitioner Motion for Issuance of Show Cause Order" (Doc. 332). For the following reasons, the motions are **DENIED**.

## I. BACKGROUND

Maurice T. Smith ("Smith") was convicted of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a) and § 846. (Doc. 107). He was sentenced to life imprisonment, without release. (Docs. 134 and 314). After appealing his conviction and sentence, Smith filed a § 2255 motion which this court denied. (Doc. 283). Smith sought a certificate of appealability from the Fifth Circuit Court of Appeals, but his motion was denied. (Doc. 302).

Smith filed the instant petition arguing the motion is not a second or successive § 2255 motion because he is actually innocent. Thus, his sentence should be vacated.

## II. LAW AND ANALYSIS

Smith already filed a motion pursuant to 28 U.S.C § 2255 which was adjudicated on the merits. Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. Smith's insistence this Court can consider his motion because it is not a second or successive motion as he is asserting actual innocence is misplaced. As set forth above, he must first seek and obtain permission from the Fifth Circuit Court of Appeals to file his motion in this court. He has not done so; thus, we lack jurisdiction to entertain the motion.

## III. CONCLUSION

For these reasons, it is

**ORDERED** that Smith's § 2255 motion is **DENIED and DISMISSED WITHOUT PREJUDICE.** It is further

**ORDERED** that Smith's motion for a show cause order (Doc. 331) is **DENIED AS MOOT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 18TH day of November 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**